IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| S&G, LLC; A&L CONTRACTORS, INC.; & | ) CASE NO. _____ |
| ALLAN SHINN, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW** plaintiff Wells Fargo Bank, N.A., successor by merger to Wachovia Bank, National Association, a national banking association ("Lender" or "Plaintiff"), by and through its undersigned attorneys, and for its Complaint against S&G, LLC, an Alabama limited company ("S&G" or "Borrower"); A & L Contractors, Inc., an Alabama corporation ("A&L"); and Allan Shinn, an individual ("A. Shinn," together with A&L, the "Guarantors," and collectively with Borrower, the "Defendants"), states as follows:

### JURISDICTION AND VENUE

1. Plaintiff is a national banking association having its principal place of business in South Dakota.

2. Defendant S&G is an Alabama limited liability company with its principal place of business in Birmingham, Alabama. Upon information and belief, the sole member of S&G is A. Shinn, an adult citizen of the State of Alabama, residing in Pell City, Alabama.

3. Defendant A&L is an Alabama corporation with its principal place of business in Pell City, Alabama.

4. Defendant A. Shinn is an adult citizen of the State of Alabama residing in Pell City, Alabama.

1979830 v1

5. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

6. This Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1332.

7. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2).

## STATEMENT OF FACTS

8. Lender made a loan to Borrower (the "Loan"), as evidenced by that certain Promissory Note dated March 10, 2008, made by Borrower payable to Lender in the original principal amount of $440,000.00 (the "Note"). A true and correct copy of the Note is attached hereto as **Exhibit A** and is incorporated herein by reference.

9. In addition to the obligations of Borrower to pay the principal of and interest on the Loan, the Note provides that the holder thereof is entitled to recover its costs and expenses, including attorneys' fees, incurred in collecting the amounts due thereunder.

10. As an inducement for Lender to make the Loan to Borrower, the Guarantors unconditionally guarantied payment of the Loan and all other indebtedness of Borrower. The guaranties of the Guarantors are evidenced by those certain Unconditional Guaranties dated March 10, 2008, executed by the Guarantors in favor of Lender (collectively, the "Guaranties"). True and correct copies of the Guaranties are attached hereto as **Exhibit B** and **C**, respectively, and are incorporated herein by reference. (The Note and the Guaranties, together with any other documents or instruments evidencing or securing the Loan, are collectively referred to herein as the "Loan Documents".)

11. In addition to the Guarantors' joint and several obligations under the Guaranties to pay the principal of and interest on the Loan, the Guaranties provide that each Guarantor shall also be liable for costs and expenses, including legally recoverable attorneys' fees, incurred in collecting the obligations due under the Loan Documents.

12. Borrower defaulted on the obligations evidenced by the Note by failing to pay all amounts as due and when required thereunder.

13. By letter dated January 31, 2012 (the "Demand Letter"), Lender notified the Defendants that, in light of the default(s) existing under the Loan Documents, the Loan had been accelerated. By the same correspondence, Lender made demand upon each Defendant for the payment of all amounts due and owing under the Loan Documents, including all principal, unpaid and accrued interest, fees, legal charges, and other costs. A true and correct copy of the Demand Letter is attached hereto as **Exhibit D**.

14. Despite acceleration and demand, Defendants have not paid all amounts owing under the Loan Documents.

15. The total amount owing on Loan as of February 6, 2012, exclusive of expenses of collection, attorneys' fees and the costs of this action, is $377,968.79, which includes principal in the amount of $370,152.52, accrued and unpaid interest in the amount of $6,644.75, and late fees in the amount of $1,169.52. Interest and costs of collection continue to accrue.

## COUNT I
## BREACH OF CONTRACT

16. Lender incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

17. Lender performed under the Loan Documents by lending Borrower the amounts available thereunder.

18. Defendants have failed to pay Lender the amounts due under the Loan Documents.

19. Defendants are in default of their obligations under the Loan Documents.

**WHEREFORE**, Lender demands judgment against Defendants, jointly and severally, for the principal indebtedness owing under the Loan Documents, plus accrued and accruing interest, late charges, and expenses of collection, including attorneys' fees and the costs of this action.

## COUNT II
## MONEY HAD AND RECEIVED

20. Lender incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

21. Pursuant to the Loan Documents, Defendants received money or the equivalent value of money that, in equity and good conscience, belongs to Lender.

22. Lender is entitled to recover from Defendants the amounts due under the Loan Documents, plus other legally recoverable fees and costs.

**WHEREFORE**, Lender demands judgment against the Defendants, jointly and severally, for the principal indebtedness owing under the Loan, plus accrued and accruing interest, late charges, and expenses of collection, including attorneys' fees and the costs of this action.

## COUNT III
## UNJUST ENRICHMENT

23. Lender incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

24. Lender conferred a benefit on Defendants by lending the amounts available under the Loan Documents.

25. Defendants have failed and/or refused to pay to Lender the amounts owing under the Loan Documents.

26. By retaining the borrowed funds, while not repaying Lender pursuant to the terms of the Loan Documents, Defendants have been unjustly enriched at Lender's expense.

27.     Lender has been damaged as a result of Defendants' failure to pay, and is entitled to recover from Defendants the amounts borrowed under the Loan Documents, plus accrued and accruing interest, late charges, and expenses of collection, including attorneys' fees and the costs of this action.

**WHEREFORE,** Lender demands judgment against Defendants, jointly and severally, for the principal indebtedness owing under the Loan, plus accrued and accruing interest, late charges, and expenses of collection, including attorneys' fees and the costs of this action.

/s/ Jason D. Woodard
Jason D. Woodard (WOOD3558)
Andrea L. Weed (WEEDA1893)
Attorneys for WELLS FARGO BANK, N.A.

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
e-mail: jwoodard@burr.com
         aweed@burr.com

**PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:**

S & G, LLC
Attn: Allan Shinn, its Managing Member
1416 52nd Street North
Birmingham, AL  35212

Allan Shinn
102 Allen Road
Pell City, AL  35128

A & L Contractors, Inc.
Attn: Allan Shinn, its President
102 Allen Road
Pell City, AL 35128

**WITH A COURTESY COPY VIA U.S. MAIL TO:**
Donald Nettles, Esq.
420 20th Street North, Suite 1600
Birmingham, Alabama 35203

5