FILED
2012 Feb-29 AM 10:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., | ) |
| PLAINTIFF, | ) |
| vs. | ) |
| S & G, LLC, et al., | ) |
| DEFENDANTS, | ) CASE NO: CV-12-BE-0394-S |

## ANSWER

Comes now the named Defendants in this cause and would answer as follows:

1. The Defendants believe that this statement is true, but has no personal knowledge of their business location at this juncture.

2. The Defendants admits that S & G is an Alabama company doing business in Birmingham, but denies the remaining allegations of paragraph two ( 2 ).

3. This Defendant admits the allegations of paragraphs three ( 3 ) and four ( 4 ).

4. The Defendant would deny the allegations of paragraph five ( 5 ) and would at this juncture deny the allegations of paragraphs six ( 6 ) and seven ( 7 ).

5. The Defendants would admit the allegations of paragraph eight ( 8 ).

6. The Defendant would deny the claims made in paragraph nine ( 9 ) as they deny that lender has a justiciable right of collection.

7. The Defendants would admit the allegations of paragraphs ten ( 10 ) and eleven ( 11 ), except to the extent that eleven ( 11 ) implies that there is a default.

8. The Defendants would deny the allegations of paragraphs twelve ( 12 ) and thirteen ( 13 ).

9. the Defendants would admit that a letter was sent as set forth in paragraph thirteen ( 13 ), but deny the validity of some of the statements contained therein.

10. The Defendants would deny the allegations of paragraphs fourteen ( 14 ) and fifteen ( 15 ).

11. The Defendants would deny the allegations of paragraphs sixteen ( 16 ), seventeen ( 17 ), eighteen ( 18 ) and nineteen ( 19 ).

12. The Defendants would deny the allegations of paragraphs twenty (20) through twenty-two ( 22 ).

13. The Defendants would deny the allegations of paragraphs twenty-three ( 23 ) through twenty-seven ( 27 ).

## SPECIFIC DEFENSE

1. These Defendants would plead that pursuant to Alabama Law, the Plaintiff has failed to exercise good faith in attempting to declare an acceleration and is barred by their own breach of duty from doing so.

2. The Defendant would plead accord and satisfaction as to the Note.

3. The Defendant pleads the doctrine of equitable estoppel and estoppel in contract.

4. The Defendants would plead the doctrine of waiver.

5. The Defendants would plead that the Plaintiffs come into this Court with unclean hands and have failed to do equity.

6. These Defendants object to the jurisdiction as these loan documents were entered with Wachovia Bank, whose principal place of business was Birmingham, Alabama thereby depriving the Court of diversity of citizenship of the parties.

7. The Defendants would plead that this matter is controlled by an Arbitration Agreement contained in the documents prepared and presented by the Plaintiffs and that they have failed to follow their own contractual requirements and the Defendants hereby demand this matter be sent to arbitration.

8. This Defendant would deny the material allegations of the complaint as to their liability and otherwise demand strict proof thereof.

9. The Defendants would plead that all payments claimed in this complaint have been made and accepted by the Plaintiff.

10. The Defendants would aver that the actions or lack of actions and change in business policy by the Plaintiff is the cause of any claims of breach now being made and that the Plaintiffs can not claim the benefits of their own action or inaction to the detriment of the Defendants.

_____
JON B. TERRY

OF COUNSEL:
BAINS & TERRY
1813 Third Avenue North
Bessemer, AL 35020
Telephone: ( 205 ) 425-1606
E-Mail: bainsjbt@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing on

Jason D. Woodard, Esquire
Andrea L. Weed, Esquire
BURR & FOREMAN, LLP
420 North 20th Street-Suite 3400
Birmingham, AL 35203

by depositing a copy of the same in the United States Mail, postage prepaid and properly addressed on this the _____ day of February, 2012.

_____
JON B. TERRY